**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EUGENE HAMILTON, | No. 13-15217 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-00227-RMW |
| v. | |
| J. RHOADS; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted June 25, 2014**

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Former California state prisoner Eugene Hamilton appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs. We have jurisdiction under 28

U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2004), and we affirm.

The district court properly granted summary judgment on Hamilton's claims against defendants Rhoads and Chu because Hamilton failed to raise a genuine dispute of material fact as to whether they consciously disregarded a serious risk to his health by trying to manage his degenerative disc disease and chronic pain due to spinal injuries, instead of transferring him to a medical facility. *See Farmer v. Brennan*, 511 U.S. 825, 845, 847 (1994) (a prison official acts with deliberate indifference if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"); *Toguchi*, 391 F.3d at 1058 (prisoner's difference of opinion with physician regarding course of treatment is not sufficient; rather, to show deliberate indifference, prisoner must establish that the chosen course of treatment "was medically unacceptable under the circumstances" (citation and internal quotation marks omitted)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (party opposing summary judgment may not rest on conclusory assertions, but must come forward with significantly probative evidence).

The district court properly granted summary judgment on Hamilton's claims against defendants Larico and Shytle because Hamilton failed to raise a triable dispute as to whether they had any personal knowledge of or involvement in the

alleged constitutional violation.  *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates.").

Hamilton's contentions that the district court allegedly failed to view the evidence in the light most favorable to the moving party and made improper credibility determinations are unpersuasive.

**AFFIRMED.**